FILED
SUPERIOR COURT
OF GUAM

2022 DEC 12 PM 2:07

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

vs.

**SAMSON MARTIN,**

Defendant.

CRIMINAL CASE NO. **CM0354-22**

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on November 28, 2022, for hearing on Defendant **SAMSON MARTIN'S** ("Defendant") Motion to Dismiss Complaint Due to the De Minimis Nature of the Alleged Offense ("Motion to Dismiss"). Present were Defendant with counsel, Assistant Alternate Public Defender Brycen Breazeale and Assistant Attorney General Matthew Shuck on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant is charged with one count of Assault (As a Misdemeanor).[1] (Magistrate's Compl., Oct. 10, 2022). The charge stems from allegations that Defendant was yelling about trash and utility bills and after being told to walk away, threw a full beer can at August Fest's

---

[1] Although the Magistrate's Complaint filed on October 10, 2022 also includes a Second Charge of Disorderly Conduct (As a Violation), said charge was dismissed without prejudice by the Magistrate Judge on the same day. *See* Order of Dismissal (Charge 2), Oct. 10, 2022.

*People v. Martin*
Case No. CM0354-22
Decision and Order

back, hitting him near the left shoulder blade. (Decl. of Matthew M. Shuck, Magistrate's Compl., Oct. 10, 2022). Defendant allegedly told Guam Police Department ("GPD") Officers who responded to the incident "Sir, I'm sorry. I was mad and threw the beer to him." *Id.* Defendant was released with conditions at his Magistrate's Hearing, *see* Order of Conditional Release & Appearance Bond, Oct. 10, 2022, but remains held at the Department of Corrections by U.S. Immigration and Customs Enforcement.

On November 4, 2022, Defendant filed the instant motion. On November 17, 2022, the Government filed its Opposition, and later the same day Defendant filed his Reply.

On November 22, 2022, at Arraignment, Defendant asserted his right to a speedy trial.

On November 28, 2022, at a Status Hearing, the parties indicated it was not necessary to further argue the motion and the Court placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to dismiss this matter, arguing that the charge of Assault (As a Misdemeanor) is de minimis under 9 G.C.A. § 7.67(a) and (b). *See generally,* Mot. Dismiss, Nov. 4, 2022. The Government opposes, arguing that the crime alleged is not de minimis. *See generally,* Opp'n, Nov. 17, 2022. In Reply, Defendant sets forth an additional argument that his right to a speedy arraignment was violated. *See generally,* Reply, Nov. 17, 2022.

Under Guam law:

The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:

(a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this Subsection without filing a written statement of its reasons.

9 G.C.A. § 7.67. Section 7.67 "directs the trial court to dismiss a prosecution if it finds that the defendant's conduct falls within *at least one* of three distinct circumstances." *People v. Perez*, 2004 Guam 4 ¶ 9 (emphasis in original). The "statute recognizes that it would be unrealistic to believe that judges never enter a finding of not guilty even though guilt is proven where a conviction is considered to be inappropriate, and therefore authorizes the trial court to mitigate the general provisions of the criminal law to prevent absurd applications." *Id.* at ¶ 10 (quoting 9 G.C.A. § 7.67 commentary).

Section 7.67 is modeled after Model Penal Code § 2.12, which has been adopted by New Jersey, Maine, Hawaii, and Pennsylvania. *Id.* at ¶ 11; fn. 3. In *People v. Perez*, the Supreme Court of Guam looked to case law from New Jersey for guidance in evaluating a motion to dismiss pursuant to 9 G.C.A. § 7.67, citing *State v. Zarrilli*, 523 A.2d 284 (N.J. Super. Ct. Law Div. 1987), *aff'd*, 532 A.2d 1131 (N.J. Super. Ct. App. Div. 1987). *Id.* at ¶ 11. The *Zarrilli* court stated that "[t]he one question to be asked and answered in response to a de minimis motion is . . . What is the risk of harm to which society is exposed by defendant's conduct?" The *Zarrilli* court then set forth five factors relevant in evaluating this question: (1) the circumstances surrounding the commission of the offense; (2) the existence of contraband; (3) the amount and value of property involved; (4) the use or threat of violence; and (5) the use of weapons. 523 A.2d at 288.

For purposes of this motion, the Court assumes as true all the factual allegations against Defendant. *See Perez*, 2004 Guam 4 ¶ 16 (quoting *Zarrilli*, 523 A.2d at 286) ("it must be assumed that the conduct charged actually occurred' because '[t]he motion does not provide a setting for a determination of guilt or innocence.'"). The Magistrate's Complaint charges Defendant as follows:

### FIRST CHARGE

On or about the 8th day of October, 2022, in Guam, SAMSON MARTIN did commit the offense of *Assault (As a Misdemeanor)*, in that he did recklessly cause or attempt to cause bodily injury to another, that is, *August Fest*, in violation of 9 GCA § 19.30(a)(1) and (e).

(Magistrate's Compl., Oct. 10, 2022). As set forth in the Declaration attached to the Magistrate's Complaint, August Fest and a coworker observed a male individual (later identified as Defendant)

approach them yelling about trash and utility bills. (Decl. of Matthew M. Shuck, Magistrate's Compl., Oct. 10, 2022). Defendant was told to walk away. *Id.* Mr. Fest turned away from Defendant and then felt an object hit his backside close to the left shoulder blade. *Id.* When he turned around, he saw a full beer can sitting on the ground. *Id.* Defendant subsequently told GPD Officers who responded to the scene "Sir, I'm sorry. I was mad and threw the beer to him." *Id.*

Defendant first argues that this matter should be dismissed under section 7.67(b) because his "conduct amounts to allegedly throwing a beer can to Fest and Fest being hit in the back with the can. Mr. Martin was upset about trash and utility bills . . . however he was not intending to assault or even injure Fest. Moreover, Fest never admitted to feeling any pain and was uncooperative when asked if he felt pain." (Mot. Dismiss at 3). Defendant appears to take issue with the fact that the alleged victim never asserted that he was in fact injured. The crime charged here, Assault (As a Misdemeanor), does not require actual bodily injury as Defendant is charged with "recklessly causing *or* attempting to cause bodily injury" to Mr. Fest. The Court finds that the question of whether or not the alleged victim was injured and to what extent, along with whether or not Defendant recklessly caused or attempted to cause bodily injury to be facts for the jury to decide. The Court acknowledges that there was no existence of contraband or property damage or the use of weapons such as a machete or a gun. Nonetheless, based on the information set forth in the Magistrate's Complaint, the Court does not find the circumstances of Defendant's behavior as alleged – yelling at individuals and throwing a full beer can at the back of one of them – to be of the type customarily tolerated and will not grant the motion on that ground.

Defendant next argues that this matter should be dismissed under section 7.67(c) because he is held by U.S. Immigration and Customs Enforcement and will likely be deported. Defendant sets forth that "[e]ven should he agree to accepting a plea, he will never complete the terms of probation because he will not be in Guam as a result of his deportation, nor will he be able to return." (Mot. Dismiss at 4). The Government, in response, argues that Defendant's statement that he will likely be deported is hypothetical at this point, but acknowledges that if Defendant is deported then it would be appropriate to dismiss the case at that time. (Opp'n at 3). The Court is inclined to agree with the Government that any dismissal of this case based on likely deportation

to be premature. The Court is aware of several pre-trial matters before its docket where defendants are pending deportation, however, they have been waiting for a significant period of time for flights to the Federated States of Micronesia in light of travel restrictions created by the pandemic. Some of the defendants have also been released from ICE custody in DOC on electronic monitoring pending their deportation. The Court does not find the fact that a defendant is pending deportation to be render the charge itself de minimis and will also not grant Defendant's Motion on that ground.

Lastly, in his reply, Defendant also asserts that this matter should be dismissed for violation of his right to a speedy arraignment. *See* Reply at 2-3. Pursuant to 8 G.C.A. § 60.10, a "defendant shall be arraigned promptly . . . after the complaint is filed." 8 G.C.A. § 60.10(a). Defendant argues that his constitutional rights have been blatantly trampled upon because the Government was unable to properly serve a writ on the U.S. Immigration and Customs Enforcement. (Reply at 2). Defendant's arraignment was continued several times from October 19, 2022 to November 22, 2022. Upon review of the Court's case management system and the file, it appeared that Arraignment was first continued from October 19, 2022 to October 20, 2022 because the court was not aware Defendant was in the custody of DOC as he was released at the Magistrate's Hearing; continued from October 20, 2022 to November 1, 2022 because a writ was needed; continued from November 1, 2022 to November 15, 2022 and then against from November 15, 2022 to November 22, 2022 because the wrong writ was submitted by the Government.[2]

Section 60.10 does not set forth a statutory time limit for arraignment, only that it should be "prompt." *See* 8 G.C.A. § 60.10(a). The Supreme Court of Guam, in addressing the issue of prompt arraignment, "stated that this prompt arraignment requirement is a statutory expression of the speedy trial right and that a delay involving merely a matter of weeks does not, in most

---

[2] The Writ of Habeas Corpus *Ad Prosequendum* filed October 20, 2022 and November 10, 2022 incorrectly set forth that Defendant was in the custody of the United States Marshal Service, and therefore returned as non-service. *See* Writ of Habeas Corpus *Ad Prosequendum,* Oct. 21, 2022; Affidavit of Non-Service (Writ; U.S. Marshal Service); Writ of Habeas Corpus *Ad Prosequendum,* Nov. 10, 2022; and Affidavit of Non-Service (Writ; U.S. Marshal Service), Nov. 14, 2022.

circumstances, violate a defendant's right to a speedy trial." *People v. Rasauo*, 2011 Guam 14 ¶ 9 (citing *People v. Stephen*, 2009 Guam 8 ¶ 32). The Supreme Court in *Rasauo* ultimately held that "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *Id.* at ¶ 14. Here, the Magistrate's Complaint was filed on October 10, 2022. Defendant was arraigned on November 22, 2022, 43 days after. As Defendant was arraigned within the 60-day period set forth in *Rasauo*, the Court does not find that his right to a prompt arraignment was violated and therefore denies Defendant's Motion to Dismiss.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss. A Criminal Trial Scheduling Order with asserted trial dates shall be issued contemporaneously with this Decision and Order.

**IT IS SO ORDERED** this ____ day of December, 2022.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam